UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| LINDA FORD | CIVIL CASE NO. 23-1384 |
| VERSUS | JUDGE EDWARDS |
| DOLGENCORP LLC ET AL | MAGISTRATE JUDGE MCCLUSKY |

## MEMORANDUM RULING AND ORDER

Before the Court is a Motion for Summary Judgment filed by DG Louisiana, LLC ("Defendant") requesting that Linda Ford's ("Plaintiff") negligence claims, arising from a trip and fall incident over a wheel stop in a parking lot, be dismissed.[1] In its motion, Defendant argues that Plaintiff lacks any evidence that the parking lot wheel stop presented an unreasonable risk of harm.[2] Plaintiff opposes the motion, asserting that the wheel stop presented an unreasonable risk of harm, and alternatively, that summary judgment is not appropriate because it is not "unreasonable" for a jury to find that the wheel stop was unreasonably dangerous.[3] Defendant filed a reply memorandum alleging, *inter alia*, that Plaintiff failed to exercise ordinary care.[4] For the reasons below, the Court **DENIES** the motion.

## FACTUAL BACKGROUND

On the afternoon of March 24, 2022, Plaintiff, her husband ("Mr. Ford"), and her grandson arrived on Defendant's premises, the Dollar General store on West

---

[1] R. 24.
[2] R. 24-1 at 6.
[3] R. 26 at 16.
[4] R. 27.

1

Madison Avenue in Bastrop, Louisiana.[5] Mr. Ford parked their vehicle in front of the Dollar General, in the first parking space immediately to the left of a handicap parking space.[6] Plaintiff exited the passenger side of the vehicle, took a few steps towards the entrance of the store while looking in that direction, tripped, and fell.[7]

Plaintiff alleges that an improperly situated, unpainted wheel stop located in the handicap parking space caused her to fall.[8] On the day of the accident, an incident report was written by Dollar General's employee and provides that a "[c]ustomer got out of vehicle and fell over parking block that was placed incorrectly."[9] The Dollar General's local assistant store manager, Frankie Hunter, testified that the wheel stop looked as though it had been driven over many times.[10] Mr. Hunter was able to push the wheel stop back into its proper position after the accident.[11]

## LEGAL STANDARD

Summary judgment is proper when, after reviewing the pleadings, the discovery and disclosure materials on file, and any affidavits, a court determines that there is no genuine dispute of any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*,

---

[5] R. 24-3 at 5-7; 26-6 at 2.
[6] R. 24-3 at 5-7.
[7] R. 24-3 at 7-10.
[8] R. 24-2 at 12; 24-4; 26-7 at 1.
[9] R. 26-6.
[10] R. 26-10 at 14.
[11] R. 26-10 at 12-18.

106 S.Ct. 2548, 2553 (1986). Once the party seeking summary judgment carries that burden, the nonmoving party must come forward with specific facts showing that there is a genuine dispute of material fact for trial. *See Matsushita Elec. Indus. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A genuine issue of material fact exists when the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The nonmoving party's evidence "is to be believed, and all justifiable inferences are to be drawn in [the nonmoving party's] favor." *Id.* at 255 (citation omitted). If the nonmovant fails to meet their burden of showing a genuine issue for trial that could support a judgment in favor of the nonmovant, summary judgment must be granted. *See Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075-76 (5th Cir. 1994).

Plaintiff's claims against Defendant are based on Louisiana negligence principles. Whether a claim arises under the general negligence articles, or the merchant liability statute, the risk-utility balancing test remains the same to determine whether the condition complained of presented an unreasonable risk of harm. *Farrell v. Circle K Stores, Inc.*, 359 So.3d 467, 473 (La. 2023) (citation omitted). As stated by the Supreme Court of Louisiana in *Farrell*:

> There is, with limited exception, the duty to exercise reasonable care and to keep that which is within our custody free from an unreasonable risk of harm. If the application of the risk/utility balancing test results in a determination that the complained of hazard is not an unreasonably dangerous condition, a defendant is not liable because there was no duty breached.

3

*Id.* at 478. For summary judgment to be appropriate, Defendant must establish that reasonable minds could only agree that this wheel stop did not present an unreasonable risk of harm. *Id.*

## ANALYSIS

Defendant asserts "Plaintiff lacks any evidence that the wheel stop presented an unreasonable and foreseeable risk of harm" particularly because the condition was "open and obvious."[12] Plaintiff responds that Defendant's assertion is incorrectly premised on the assumption that this *particular* wheel stop was well-maintained. Further, Plaintiff argues that this unpainted, misaligned wheel stop presented an unreasonable risk of harm, and alternatively, that whether the wheel stop was unreasonably dangerous should be decided by the jury.[13]

Whether a condition presents an unreasonable risk of harm is a mixed question of fact and law assessed by weighing the factors of the risk-utility balancing test: "(1) the utility of the complained-of condition; (2) the likelihood and magnitude of harm, including the obviousness and apparentness of the condition; (3) the cost of preventing the harm; and (4) the nature of the plaintiff's activities in terms of social utility or whether the activities were dangerous by nature." *Farrell*, 359 So.3d at 473-74 (citation omitted).

Before considering each factor, the Court notes Defendant's contention that "[i]n a trip and fall case, the duty is not solely with the landowner; a pedestrian has a duty to see that which should be seen and is bound to observe her course to see if

---

[12] R. 24-1 at 6.
[13] R. 26 at 5, 16.

4

her pathway is clear."[14] This argument is misplaced for purposes of summary judgment because a particular plaintiff's knowledge of the condition fits within the context of a trial on the merits to determine comparative fault. *Farrell*, 359 So.3d at 478. Accordingly, the Court will not consider facts related to Plaintiff's knowledge of the defective condition within its present risk-utility analysis.

### *Utility of the Complained of Condition*

First, reasonable minds could find that this wheel stop, positioned as it was, had little social utility. Generally, the utility of wheel stops outweighs the risks they pose as tripping hazards because they are intended to "prevent, or at least significantly decrease, the risk of bumping into a pedestrian and/or encroaching on the walkway in front of [a business]." *Price v. Roadhouse Grill, Inc.*, 512 F. Supp. 2d 511, 519 (W.D. La. 2007). Here, a Dollar General employee testified that the wheel stop, in its misaligned position, looked as though it had been driven over "many times."[15] Reasonable minds could find that the social utility of this misaligned and unpainted wheel stop, as a protective barrier, was minimal as it was not serving its designated function of preventing vehicles from driving over it.

### *Likelihood and Magnitude of Harm*

Second, reasonable minds could find that the misplaced and unpainted wheel stop was not an open and obvious condition and that it presented a likely and severe risk of potential harm. The ability to view the condition is not dispositive of the "open

---

[14] R. 24-1 at 6.
[15] R. 26-10 at 14.

and obvious to all inquiry; rather, the factfinder must examine expectations of those encountering the condition." *Tramuta v. Lakeside Plaza, LLC*, 168 So.3d 775, 783 (La. App. 5 Cir. 2015). "The open and obvious concept asks whether the complained of condition would be apparent to ***any*** reasonable person who might encounter it." *Farrell*, 359 So.3d at 478 (emphasis added). If so, that reasonable person would avoid it, and the factor will weigh in favor of finding that the condition does not present an unreasonable risk of harm.[16]

Defendant analogizes to the *Thibodeaux* case, where the court held that a particularly wide wheel stop displaced by a few inches was an open and obvious condition because it was "highly visible." *Thibodeaux v. Home Depot USA, Inc.*, 816 Fed. Appx. 988, 991 (La. App. 5 Cir. 2020). Defendant also compares this case to *Standifer v. Circle K Stores, Inc.*, wherein summary judgment was granted to a premises owner after the Plaintiff tripped and fell over an unpainted wheel stop in broad daylight. No. 14-2431, 2015 WL 2452428 at *1 (W.D. La. 2015). However, in that case, the wheel stop was well-maintained and contrasted noticeably with the black asphalt of the parking lot. *Id.* at *4. When examining the weight of risk in *Price*, which Defendant also relies on, the Court noted that "the car stop at issue in [that] case was painted a different color than the parking lot; was aligned, uniform,

---

[16] *Id.* Notably, in *Traumata v. Lakeside Plaza, LLC*, the Court expressed concern over denying a plaintiff's recovery in the context of a motion for summary judgment based on the open and obvious doctrine, which requires a fact-intensive determination, and "runs perilously close to resurrecting the doctrine of assumption of the risk." *Tramuta v. Lakeside Plaza, LLC*, 168 So.3d 775, 782 (La. App. 5 Cir. 2015) (citation omitted).

6

unbroken, and not cracked; and was secured to the parking lot." 512 F. Supp. 2d at 518.

In the present case, the wheel stop protrudes into a handicap parking spot, rather than being in its intended position at the top of the parking space or even just a few inches "off," unlike the wheel stop in *Thibodeaux*. Further, the proximity of this misaligned wheel stop to the passenger side of the vehicle likely made seeing the wheel stop much more difficult for a passenger exiting their vehicle and not "highly visible." *Thibodeaux*, 816 Fed. Appx. at 991. In *Tramuta v. Lakeside Plaza, LLC*, the court noted that even though any reasonable person would expect to encounter a wheel stop in a parking lot, "it [was] not the mere presence of the [wheel stop] in the parking lot that [was] alleged to be the defective condition." *Tramuta*, 168 So.3d at 782. Rather, the alleged defective condition was the placement of the wheel stop in relation to an added step between the wheel stop and an adjacent walkway. *Id*. The court found that there was a genuine issue of material fact as to whether the wheel stop's placement near the step was a defect that presented an unreasonable risk of harm and denied summary judgment. *Id.* at 783. Similarly, in this case it is not the mere presence of the wheel stop in the parking lot that is alleged to be the defective condition but rather the combination of its unpainted appearance and misalignment, particularly its proximity to a passenger exiting a neighboring vehicle.

We find that reasonable minds could determine that the wheel stop in this case presented greater risks as a tripping hazard than the well-maintained wheel stops

examined by prior courts and that the magnitude of harm that could result from a fall on concrete is significant as compared to a fall on another surface.

### *Cost of Preventing the Harm*

Third, the cost of repositioning the wheel stop was likely low. A Dollar General employee was able to move the wheel stop back to its correct position by "bumping it."[17] Although Plaintiff has not quantified the cost of securing the wheel stop in its proper position or the cost of having it painted, the Court presumes that these costs are likely relatively low in comparison to the risks of harm that the misaligned and unpainted wheel stop presents to pedestrians entering the Dollar General.

### *Nature of Plaintiff's Activities*

Fourth and finally, reasonable minds are likely to find that Plaintiff's activities were an "act of social utility" and not "dangerous by nature." In the present case, Plaintiff exited the vehicle and took a few steps toward the front entrance of the Dollar General. Plaintiff was not running or looking away; rather, Plaintiff was focused on the entrance of the store as she attempted to cross an empty, handicap designated parking spot.

## **CONCLUSION**

Reasonable minds could determine that the complained of condition presented an unreasonable risk of harm. Therefore, summary judgment is not appropriate, and Defendant's Motion for Summary Judgment is **DENIED**.

---

[17] R. 26-10 at 12-24.

**IT IS ORDERED** that Defendant's Motion for Summary Judgment (R. 24) regarding Plaintiff's negligence claims arising from the trip and fall incident on Defendant's premises is **DENIED**.

**THUS DONE AND SIGNED** this 23rd day of October, 2024.

_____
**JERRY EDWARDS, JR.
UNITED STATES DISTRICT JUDGE**